## Salem

HAROLD TERRENCE TRIVETT

v.

CONSTANCE BONITA RATLIFF TRIVETT

No. 0286-87-3

Decided September 6, 1988

COUNSEL

George M. Warren, Jr. (Warren & Dickert, on brief), for appellant.

J. D. Bowie (Bowie, Robinson & Bates, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — This case involves an appeal from an award of equitable distribution. The issue raised on appeal is whether the trial court erred in the amount of the monetary award granted to the wife.

The essential facts are not in dispute. Harold and Constance Trivett were married on March 30, 1973. They separated on May 13, 1985. By deed dated December 23, 1980, and properly recorded in the clerk's office of the Circuit Court of Buchanan County, Harold's maternal grandparents conveyed to Harold their one-half undivided interest in a commercial building in Grundy, Virginia. Harold's parents owned the remaining one-half undivided interest in this property. A family owned retail clothing store was operated in this building.

Harold testified that, in consideration for this conveyance, he executed and delivered a promissory note dated December 23, 1980, in the sum of $64,000 bearing six percent interest payable to his grandparents. This note was unsecured. Harold's grandfather testified that he twice credited the note for $5,000, although no such payments were actually made. He testified that at least on one occasion he had "torn up" one $5,000 check given to him by Harold.

After Constance filed for a divorce, Harold executed a deed of trust on the property in question, securing the payment of the original promissory note at the request of his grandfather. This deed of trust was properly recorded in the appropriate clerk's office on June 14, 1985. Harold's grandfather testified that this was done on the advice of his accountant "for tax purposes."

By decree entered on February 4, 1987, Constance was granted a final divorce on the ground of continuous and uninterrupted separation for a period in excess of one year. The parties have mutually accepted the trial court's rulings concerning their various real and personal property except for the aforementioned commercial property.[1]

An expert witness testified that the value of Harold's one-half interest was $42,500. Harold testified that its value was $50,000. The trial court found that Harold's interest was marital property and granted Constance a monetary award of $25,000. For purposes of this decision we will assume that the trial court found the value of Harold's interest was $50,000.

---

[1] The appropriateness of this procedure as it applies to the trial court's consideration of all of the provisions of Code § 20-107.3 is not raised in this appeal, and consequently we do not address it here.

■ On appeal, Harold contends that the trial court failed to consider the indebtedness on this property and thus erred in its valuation of this property for purposes of granting a monetary award to Constance. Specifically, he relies upon our decision in *Hodges v. Hodges*, 2 Va. App. 508, 347 S.E.2d 134 (1986). In *Hodges*, we held: "Where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award [pursuant to Code § 20-107.3] it is essentially of no value. Without value, there is no basis for a monetary award." *Id*. at 515, 347 S.E.2d at 138. In reply, Constance correctly points out that we qualified our holding in *Hodges*. Where one party encumbers the marital property with indebtedness in anticipation of divorce and to deliberately frustrate the provisions of Code § 20-107.3 the trial court would not, and we think should not, be precluded from granting an award, notwithstanding the indebtedness secured by the encumbrance on the marital property. *Id*. at 515 n.2, 347 S.E.2d at 138 n.2.

■ Based on the contentions of the parties in this case, we take this opportunity to expand on and clarify our decision in *Hodges*. We note at the outset that *Hodges* concerned *valuation* of marital property, not *classification* of marital property.[2] Once the property of the parties is properly classified as marital, the determination to grant a monetary award and the amount of the award is controlled by the equities and rights and interests of the parties in the marital property and not by legal title. However, to the extent that a valid indebtedness which is secured creates an encumbrance on the legal title, that indebtedness must be considered by the trial court in determining the value of the marital property for purposes of determining the amount of the monetary award. In most cases, indebtedness is incurred and encumbrances are created on property which is subsequently classified as marital property during the routine financial dealings of the parties during the marriage and not in anticipation of divorce. Thus in *Hodges*, where there was no allegation that the encumbrances on the property that was classified as marital property were created in anticipation of divorce or to deliberately reduce the resulting value of the marital property, we held that upon a determination that such

---

[2] In *Hodges* both parties agreed that the property in question was properly classified as marital. Thus, the issue there was whether the indebtedness created essentially a negative balance sheet with regard to the value of the property.

property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award it is essentially of no value. In short, without value in the marital property, the marriage partnership simply has accummulated no wealth to be distributed between the partners of the marriage.

■ Our qualification in *Hodges* was intended to address those cases in which, based on the evidence, the trial court determined that an encumbrance on the property classified as marital property was created in anticipation of divorce and deliberately to reduce or eliminate the value of such property for the purpose of reducing or eliminating a monetary award to a spouse and thus to frustrate the provisions of Code § 20-107.3. Upon such a determination, the trial court is permitted to include the unemcumbered value of the marital property within the pool of the marital wealth from which it determines the amount of the award. This determination must be based on evidence which establishes a deliberate attempt to defeat a monetary award and not merely the fact that a previously unsecured creditor is granted a security interest in the marital property.

In order to clarify our decision in *Hodges*, we stressed in that case a valid indebtedness was secured by a valid encumbrance on the property which was classified as marital property. No allegations that the indebtedness or the encumbrance which secured it were fraudulent, shams or an attempt to frustrate a monetary award were involved. Thus, a secured debt, unlike an unsecured debt, because it is an encumbrance on the property which is classified as marital property reduces the value of such property for purposes of determining the amount of a monetary award. However, nothing in *Hodges* was intended to imply that a valid unsecured debt was not to be considered by the trial court; Code § 20-107.3 mandates to the contrary. An unsecured debt is not an encumbrance on the property classified as marital property and therefore it simply does not affect the value of such property. Likewise, in qualifying *Hodges*, we intended to address only those cases in which the indebtedness is valid but that indebtedness is subsequently secured by creating an encumbrance on the property classified as marital property *deliberately* to reduce or eliminate a monetary award. Thus, the controlling factor is not that an encumbrance exists on the property classified as marital property but, rather, that the encumbrance was created deliberately to re-

duce the value of the marital property and consequently the amount of the monetary award and thus to frustrate the provisions of Code § 20-107.3. Again, under those circumstances the indebtedness must be considered by the trial court but the encumbrance which secures that indebtedness does not reduce the value of the marital property for purposes of determining the amount of the monetary award. Obviously, if the original indebtedness is not valid, is fraudulent, or a sham, or is created deliberately to frustrate the provisions of Code § 20-107.3, the principles of *Hodges* are not applicable.

Our difficulty with this case is with the trial court's application of these principles upon the facts in the record before us. That record is totally void of the trial court's basis for reaching its conclusion with regard to the equitable distribution award.[3] We find nothing in the court's decree, the depositions, or the statement of facts, which indicates that the trial court determined whether the encumbrance on the property which secured Harold's indebtedness was deliberately created to frustrate the provisions of Code § 20-107.3. Moreover, we cannot determine from the record the basis for granting the monetary award, assuming that the encumbrance was not created for that purpose.

All of the provisions of Code § 20-107.3 must be followed in making an equitable distribution decision. *See, e.g., Brinkley v. Brinkley,* 5 Va. App. 132, 136, 361 S.E.2d 139, 140 (1987); *Clayberg v. Clayberg,* 4 Va. App. 218, 222, 355 S.E.2d 902, 904 (1987). We will not simply assume, in every instance, that the trial court has followed this settled law in granting a monetary award, particularly when it appears that one or more factors is difficult to reconcile with the award or the award is inexplicable based on the facts, when we are required to review on appeal an issue arising under this Code section. We must be able to determine from the record that the trial court has given substantive consideration to the evidence as it relates to the provisions of this Code section. *Woolley v. Woolley,* 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). In reviewing awards of spousal support and child support we have held: " 'This does not mean that the

---

[3] Appellant's brief refers to a written opinion by the trial court without reciting its contents and that opinion has not been made a part of the record before us. Counsel, however, does not contend that this opinion contains a basis or explanation for the trial court's conclusions.

trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented.' " *Wagner v. Wagner*, 4 Va. App. 397, 410, 358 S.E.2d 407, 414 (1987)(relating to the statutory factors enumerated in Code § 20-107.2); *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)(relating to the statutory factors enumerated in Code § 20-107.1). We believe this reasoning is equally applicable to monetary awards made pursuant to Code § 20-107.3. Accordingly, we hold that in determining to grant a monetary award or in determining the amount of the monetary award, if the court's findings are not supported by the evidence in the record, the court has abused its discretion, and the court's determination must be reversed.

In this case, the trial court's resolution of the issue of the indebtedness and the encumbrance which secured it on the property in question is inseparable from its decision to grant the monetary award and the amount of the award. In that regard, Constance argues on brief first that Harold does not owe a "bona fide debt" to his grandfather, and second, that the encumbrance was created deliberately to frustrate the provisions of Code § 20-107.3. This first argument is self-defeating because the property would have been classified necessarily as separate property if acquired by Harold as a gift from his grandparents. Code § 20-107.3(A)(1)(ii). Harold concedes that the debt is valid and the property was properly classified as marital. A finding that the property was marital necessarily negates a gift from the grandparents. Only marital property is subject to a monetary award. Code § 20-107.3(D). It is apparent, therefore, that the trial court determined that Harold owed a valid debt to his grandfather for the purchase of this property. Beyond the determination that the property was marital, however, the record is silent concerning the foundation for the monetary award. Code § 20-107.3(E)(7) requires the trial court, in determining the amount of the monetary award, to consider "the debts and liabilities of each spouse, the basis for such debts and liabilities, and *the property which may serve as security for such debts and liabilities.*" (emphasis added). This provision requires that debts of each spouse must be considered, whether secured or unsecured. Where the debt is secured by an encumbrance on specific property which is classified as marital property, our decision in *Hodges* provides that the

amount of the indebtedness should be deducted from the unencumbered value of such property; the trial courts can then determine the "value" of the "marital" property for purposes of a monetary award. Where the debt is not secured by an encumbrance on the marital property, the debt must nevertheless be considered by the court, but the debt does not reduce the value of the marital property.

Thus, in the present case, having determined the property to be marital, the trial court was further required to determine whether Harold's previously unsecured indebtedness was later converted to a secured indebtedness on the specific property deliberately to frustrate the provisions of Code § 20-107.3.

We recognize that the amount of the monetary award is within the sound discretion of the trial court. The wisdom, if not the practicality, of such a rule is self-evident. Appellate courts do not and cannot stand in the equivalent position of trial courts in weighing the evidence presented by the parties. We also recognize the difficult tasks faced by the trial courts in determining an equitable monetary award. However, where as here, a determination of the value of marital property is dispositive of the amount of a monetary award, that determination by the trial court must be reviewable and have a foundation in the evidence presented. In this case, if the indebtedness was secured by a valid encumbrance on the property, not created deliberately to frustrate a monetary award, there is no basis for the amount of the monetary award to Constance because the property has no value for purposes of a monetary award. The mere fact that the encumbrance was created after the divorce was filed is not dispositive of the issue, though it may create a suspicion of an attempt to dissipate a basis for a monetary award. This is particularly true where the original debt has been found to be otherwise valid. We did not mean to imply in *Hodges* that the mere delay in recording an encumbrance for an otherwise valid debt amounts to a deliberate attempt to frustrate Code § 20-107.3. More importantly, in the present case the record does not reveal such a finding by the trial court or any additional facts upon which such a finding could have been made.

We are left to conclude that, on the record before us, without a foundation in the evidence or findings of facts and conclusions of law by the trial court to support the monetary award, that the trial court abused its discretion in granting the monetary award to

Constance. We believe, however, that if the encumbrance on the property in question was created deliberately to frustrate the provisions of Code § 20-107.3, and consequently the debt is considered unsecured for purposes of that Code section, a basis may exist for granting a monetary award to Constance. This determination must be left to the trial court.

For these reasons, we reverse the trial court's award and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*

Keenan, J., concurred.

Coleman, J., concurring.

I concur with the result and disposition, but I disagree with how the majority treats debts, whether secured or unsecured, in determining a monetary award. Code § 20-107.3 does not provide that debts be considered except as a factor in arriving at the amount of a monetary award. Furthermore, I disagree with the ruling and directive to the trial court that on remand it can reconsider whether the indebtedness was a valid legal obligation. I would hold the debt to be a valid obligation as a matter of law. Additionally, the majority would have the trial court determine on remand whether the encumbrance was created to frustrate the purpose of Code § 20-107.3. For reasons that follow, I do not believe that the trial judge need be concerned with whether the encumbrance was a deliberate attempt to frustrate equitable distribution. Rather, the trial judge need be concerned only with the amount of the indebtedness, whether it is secured or unsecured, the circumstances surrounding the debt, and all other factors listed in Code § 20-107.3(E) in determining a monetary award, if any, and the amount thereof. In other words, under Code § 20-107.3 debt structure is not part of the valuation process, but rather is one factor to consider in determining whether to grant a monetary award and the amount of that award.

One of the primary considerations for trial courts in fashioning an equitable distribution award is the asset-debt structure in relation to the parties' property. Whether the state's procedure authorizes courts to divide and distribute assets and assign liabilities or to adjust the net marital wealth by making a monetary award, the

relationship between assets and liabilities is always a critical consideration.

A panel of this court, of which I was a member, held in *Hodges v. Hodges*: "Where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award it is essentially of no value. Without value, there is no basis for a monetary award." 2 Va. App. 508, 515, 347 S.E.2d 134, 138 (1986). As the author of *Hodges*, Chief Judge Koontz undertakes in the majority opinion to "expand on and clarify" the *Hodges* decision by holding "to the extent that a valid indebtedness which is secured creates an encumbrance on the legal title, that indebtedness must be considered by the trial court in determining the value of the marital property for purposes of determining the amount of the monetary award." Thus, the *Hodges* panel and the majority here hold that a secured indebtedness is to be considered part of the valuation procedure for determining the value of marital property.

Despite my prior concurrence in *Hodges*, I no longer believe that the legislature intended indebtedness to be considered as part of the valuation process. "If there are . . . ways of gracefully and good naturedly surrendering [my] former views to a better considered position, I invoke them all." *McGrath v. Kristonsen*, 340 U.S. 162, 178 (1950) (Jackson, Jr. concurring). I am comfortable with Chief Justice Taney's prologue: "The matter does not appear to me now as it appears to have appeared to me then." *Id.* (citation omitted). In my view, Code § 20-107.3 envisions that the court determine the gross value of marital property in the valuation process. Thereafter, the rights and equities of the parties shall be considered in deciding whether to grant a monetary award and the amount, if any. *See* Code § 20-107.3(D) and (E). The statute specifies that the "debts and liabilities of each spouse, the basis for such debts and liabilities, and the *property which may serve as security for such debts and liabilities*" are factors that must be considered in determining the amount of the award and the method of payment. Code § 20-107.3(E)(7) (emphasis added). The statute makes no distinction between secured and unsecured debts other than that the property which may serve as security will be taken into account.

I believe that *Hodges* and the majority opinion in this case, while perhaps effecting no inequitable result in the specific situa-

tions they address, will require trial courts to follow a procedure that is not provided by statute and has great potential for inequity. For example, an encumbrance upon marital property, whether jointly or severally owned, may well be pledged to secure debts of a third party. Numerous financial transactions occur in the marketplace in which property may be pledged as secondary security for debts, or to guarantee performance, or otherwise serve as collateral without diminishing the real value or equity which the parties have in the property. To rotely reduce the value of marital property under such circumstances, when neither the parties nor the secured property will be required to satisfy the indebtedness, does not accurately reflect the value of marital property for purposes of equitable distribution, nor does it take into account the rights and equities of the parties as mandated by Code § 20-107.3(D). To base the valuation of marital property upon such a conditional or contingent liability is misleading. To base a monetary award upon such an evaluation procedure, particularly where marital property is titled to one party, will unjustly deprive one spouse of his or her rights and equity in marital property and will unjustly enrich the other. Trial courts can not correct such an inequity by increasing the monetary award where the other marital assets are insufficient to warrant an award. In summary, I believe our statute provides that the gross value of marital property be used to determine the marital estate and that the debts of both parties, whether secured or unsecured, shall then be considered in determining the parties' rights and equities, whether to grant to either a monetary award, and the amount of the award. I would direct the chancellor to follow this procedure on remand.

In my view the majority decision allowing the trial court on remand to reconsider the validity of the indebtedness is improper because the evidence is undisputed that the debt was for purchase money and was represented by a promissory note executed contemporaneously with the deed of conveyance. The transaction occurred in December 1980 and could not have been in anticipation of equitable distribution. While the grandfather may have intended for tax purposes to forgive the obligations as they become due, the debt is nonetheless valid. *See Wagner v. Wagner*, 4 Va. App. 397, 403-04, 358 S.E.2d 407, 410 (1987). In the event of the grandfather's death his personal representative would be required to collect the obligation unless otherwise provided. *Id.* at 404, 358 S.E.2d at 410. Evidence that tax considerations may result in for-

giveness of the debt or that the installments have not been paid are circumstances which the trial court may take into account in fashioning any monetary award; however, I find no justification for the majority's ruling that the trial court may consider on remand whether the debt is valid. Equitable distribution has not changed established legal principles to authorize trial courts to set aside or nullify written legal obligations except upon clear and convincing proof of fraud, duress or similar equitable doctrines.

Insofar as the majority directing the trial court on remand to consider whether the encumbrance was created to frustrate equitable distribution, it is unclear to me the reason for directing such inquiry. It is of little or no consequence whether the husband intended to frustrate equitable distribution provided the deed of trust secures a valid debt. Except in anticipation of bankruptcy, 11 U.S.C. § 547, a debtor may legally grant a preference to a previously unsecured creditor by pledging property for a prior debt. Code § 8.9-204 (security interest attaches when there is an agreement that the interest attach, value is given, and debtor has rights in collateral). Such practice is desirable and an established part of commercial transactions when unsecured creditors may require security to forbear or extend credit. Equitable distribution has not changed the law of secured transactions. Thus, I would hold that the deed of trust is a valid encumbrance upon the legal title, but I do not believe that the encumbrance affects the value of marital property. I now conclude contrary to *Hodges* and the majority that even if the intent of one spouse in granting an encumbrance to secure a prior debt was intended to frustrate Code § 20-107.3, the encumbrance, if otherwise valid, remains valid because equitable distribution does not affect legal title. *See* Code § 20-107.3(B).

I agree with the majority that the monetary award must be remanded for consideration because, in my view, the indebtedness is a significant factor which must be considered in arriving at a monetary award. The amount of the award is inexplicable under the facts of this case if the debt is valid and when considered in relation to all factors in Code § 20-107.3(E). The trial court either gave the indebtedness no consideration or gave other factors such weight as to totally nullify any consideration for the indebtedness. Thus, while the trial court is not required to "quantify or elaborate exactly what weight or consideration it has given to each of

the statutory factors," where as here the award cannot be explained based upon the record, I would require the trial court to reconsider its award.