COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued by teleconference

LAURA C. PANNER
                                        MEMORANDUM OPINION* BY
v.         Record No. 1739-97-2       JUDGE LARRY G. ELDER
                                          APRIL 14, 1998
BENJAMIN D. SILLMON

              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Timothy J. Hauler, Judge

              Edward D. Barnes (Charles E. Powers; Barnes &
              Batzli, P.C., on briefs), for appellant.

              Lawrence D. Diehl (Susanne L. Shilling;
              Shilling & Associates, on brief), for
              appellee.


        Laura C. Panner ("mother") appeals the trial court's order

granting the motion of Benjamin D. Sillmon ("father") to transfer

the physical custody of their daughter, Katie, to him.  Father

requests an award of attorney fees and costs incurred to defend

this appeal.  For the reasons that follow, we affirm and remand.

                                I.

              STANDARD OF REVIEW AND BURDEN OF PROOF

        We disagree with mother's contention that the trial court

failed to apply a de novo standard of review to the J&DR court's

order granting father's motion and erroneously placed the burden

on her to prove that placing Katie in her physical custody was in

Katie's best interests.  After reviewing the record, we hold that

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the trial court was aware of and applied the correct standard of review and burden of proof.

## II.

## DR. STOLBERG'S TESTIMONY

Assuming that mother's motion was timely, we hold that the trial court did not err when it denied her motion to strike the testimony of Dr. Arnold L. Stolberg from the record. The evidence in the record regarding Dr. Stolberg's background established that he was qualified to evaluate parenting skills and to testify about the effects of divorce upon children. The evidence regarding Dr. Stolberg's possible bias was relevant to his credibility as a witness and the weight of his opinion, not to the admissibility of his testimony. See Ford v. Ford, 200 Va. 674, 679, 107 S.E.2d 397, 401 (1959).

## III.

## EVIDENTIARY RULINGS

## A.

## DR. STOLBERG'S TESTIMONY REGARDING MEALS IN CONCORD, N.C.

Although expert testimony is inadmissible if it is "speculative or founded upon assumptions that have an insufficient factual basis," Tittsworth v. Robinson, 252 Va. 151, 154, 475 S.E.2d 261, 263 (1996), we hold that Dr. Stolberg's testimony regarding the probable location of Katie's and father's meals during future visitation in North Carolina was neither speculative nor unsupported by the record. Dr. Stolberg's

2

understanding is supported by father's testimony regarding the arrangements he would make when visiting Katie in North Carolina.

B.

FATHER'S TESTIMONY REGARDING THE PROCEEDINGS IN THE J&DR COURT

We hold that the trial court did not abuse its discretion when it admitted father's testimony regarding the proceedings in the J&DR court. Father testified about the approximate date that he petitioned the J&DR court for a change in child custody and the date of one of the parties' appearances before that court. These factual issues were material to the trial court's understanding of the case, and father's testimony tended to prove them.

C.

FATHER'S TESTIMONY REGARDING THE FREQUENCY OF VISITATION

We hold that the trial court did not err when it prevented father from testifying regarding how frequently he believed visitation with Katie should occur. Because father's testimony on this subject was not likely to indicate his propensity to support Katie's relationship with mother under the custody arrangement eventually ordered by the trial court, it was not relevant to Code § 20-124.3(6).

D.

MOTHER'S TESTIMONY REGARDING

HER PROPENSITY TO COOPERATE WITH FATHER

We hold that Rule 5A:18 bars us from considering mother's argument that the trial court erred when it prevented her from

3

responding to her counsel's question about her willingness to cooperate with father to transport Katie in between Richmond and Concord, North Carolina. The trial court sustained father's objection to the question posed by mother's counsel on the ground that the question was leading. Without attempting to rephrase the question, mother's counsel moved on to another line of inquiry. Because mother failed to argue to the trial court that her response to this question was relevant, we will not consider this argument for the first time on appeal.

### E.
### TRIAL JUDGE'S PRESENCE DURING

### FATHER'S PROFFER OF MR. MELBERG'S TESTIMONY

We hold the Rule 5A:18 also bars us from considering mother's argument that the trial court committed reversible error by remaining in the courtroom while father's counsel proffered the excluded testimony of Peder K. Melberg. Our review of the record indicates that mother did not object to the trial court's presence at the time of the proffer.

### IV.

### MOTION TO STRIKE FATHER'S EVIDENCE

Mother contends that the trial court erred when it refused to strike father's evidence at the conclusion of his case-in-chief. However, because mother waived her right to stand on her motion to strike father's evidence <u>at the conclusion of his case-in-chief</u> by presenting evidence on her behalf following this motion, we will consider her challenge to the sufficiency of

4

the evidence by examining the entire record.  See <u>Carter v.</u>
<u>Commonwealth</u>, 223 Va. 528, 531, 290 S.E.2d 865, 866-67 (1982);
<u>Spangler v. Commonwealth</u>, 188 Va. 436, 438, 50 S.E.2d 265, 266
(1948).

V.

CHANGE IN CHILD CUSTODY

Mother contends that the trial court erred when it
transferred physical custody of Katie from her to father.
Because credible evidence supports the trial court's conclusions
as well as its factual findings and because the record does not
establish that its weighing of the statutory factors of Code
§ 20-124.3 was erroneous, we disagree.

It is well established that a trial court should grant a
motion for a change in child custody only if the moving party
proves <u>both</u> (1) that a "change in circumstances" has occurred
since the most recent custody award and (2) that a change in
custody would be in the "best interests of the child."  See
<u>Hughes v. Gentry</u>, 18 Va. App. 318, 321, 443 S.E.2d 448, 450-51
(1994) (citing <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917,
921 (1983)).  It is now established by statute that the second of
these two "prongs" -- the best interests of the child -- must be
the trial court's "primary consideration."  Code § 20-124.1(B);
<u>see also</u> <u>Keel</u>, 225 Va. at 612, 303 S.E.2d at 921 (stating that
"the second prong . . . is clearly the most important part of the
two-part test").

5

On appeal, we consider the evidence in the light most favorable to the party prevailing below. See Wilson v. Wilson, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991). "The judgment of a trial court sitting in equity, when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 423, 364 S.E.2d 232, 237 (1988).

## A.

### CHANGE IN CIRCUMSTANCES

We disagree with mother's contention that the trial court erred when it concluded that a "change in circumstances" had occurred since the entry of the prior custody order on March 6, 1995. The range of "changes" that satisfy the first prong of the so-called "Keel test" is broad and may include either positive or negative changes in the circumstances of either parent as well as changes in the child stemming from his or her development. See Keel, 225 Va. at 611-12, 303 S.E.2d at 921. "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

We hold that the evidence was sufficient to support the trial court's finding that a change of circumstances occurred since the most recent custody award. The record proved that both parties had remarried since March 1995 and that Katie was about

to begin schooling that would require her to remain in one geographic location on days that school was in session. In March 1996, mother moved with Katie to Concord, North Carolina, which is over 250 miles away from Richmond. Because of Katie's impending entry into kindergarten and the distance between Concord and Richmond, mother's move to North Carolina rendered the existing arrangement of custody and visitation impracticable. Moreover, Dr. Stolberg testified that, by reducing father's daily involvement in Katie's life, this move would have an adverse impact upon Katie's development. Based on this evidence, we cannot say that the trial court's finding of a change in circumstances was erroneous. See Hughes, 18 Va. App. at 322, 443 S.E.2d at 451.

### B.

### BEST INTERESTS OF CHILD

We also disagree with mother that the evidence was insufficient to support the trial court's finding that changing Katie's physical custody was in Katie's best interests or that the trial court misapplied the factors of Code § 20-124.3.

When determining which custody arrangement is in the best interests of a child, the trial court is required to consider the evidence presented as it relates to the factors listed in Code § 20-124.3. See Code § 20-124.3. The trial court is not required to quantify or elaborate what weight or consideration it has given to each of the factors enumerated in Code § 20-124.3 or

to weigh each factor equally.  See Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995).  However, the trial court's findings must have some foundation based on the evidence in the record, and if the trial court's findings lack evidentiary support, its determination of child custody is an abuse of discretion.  Cf. Trivett v. Trivett, 7 Va. App. 148, 153-54, 371 S.E.2d 560, 563 (1988); Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

We hold that the trial court's determination that transferring Katie's physical custody from mother to father was in Katie's best interests was neither unsupported by the evidence nor an abuse of discretion.  The trial court stated that it considered all of the statutory factors of Code § 20-124.3, except for Katie's preference, which it excluded because of Katie's young age.  The trial court also made numerous findings regarding these factors, all of which are supported by the evidence.

The evidence presented by both parties regarding their care of Katie supports the trial court's findings that both parties are fit to properly care for Katie, have sought to maximize her opportunities for social, educational, and religious development, and have created loving and nurturing environments for her in their respective homes.  This evidence also supports the trial court's finding that Katie was "doing well with dad" during her visitation with him prior to the hearing.  Mother's testimony

8

that she has been Katie's primary caretaker since her birth and father's testimony regarding his participation in Katie's care during her early childhood supports the trial court's finding that each parent contributed to Katie's early care and development.  The trial court's finding that father's assault of Raymond Davis, mother's father, on the day the parties separated was an aberration is supported by Mr. Davis' testimony that father was never physically abusive to him or mother either before or after that incident.  The trial court's finding that Katie's potential development will be maximized by her continued exposure to her extended family in Virginia is supported by Dr. Stolberg's testimony on this point.  As the trier of fact, the trial court was entitled to determine the weight and credibility of Dr. Stolberg's testimony.  See Ford, 200 Va. at 679, 107 S.E.2d at 401.  The evidence regarding Katie's activities and friendships in Richmond, her choice of schools, and her health care supports the trial court's finding that "collateral resources . . . located in the local Richmond area" will also benefit her development.

## VI.

### ATTORNEY FEES AND COSTS

Based on the circumstances of this appeal, we grant father's request for an award of attorney fees and costs incurred in this proceeding.  We remand this case to the trial court for an assessment of a reasonable fee.  See O'Loughlin v. O'Loughlin, 23

Va. App. 690, 479 S.E.2d 98 (1996).

    For the foregoing reasons, we affirm the trial court's order and remand for a determination of father's attorney fees and costs related to this appeal.

<u>Affirmed and remanded</u>.