COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


DARRELL E. NOELL

                                      MEMORANDUM OPINION* BY
v.    Record No. 0918-99-3           JUDGE WILLIAM H. HODGES
                                        FEBRUARY 15, 2000
DEBORAH H. NOELL


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                  James W. Updike, Jr., Judge

          Lance M. Hale (Kenneth N. Hodge; Lance M.
          Hale & Associates, on briefs), for appellant.

          Valeria L. Cook for appellee.


     Darrell E. Noell (husband) appeals the final decree of

divorce entered by the circuit court.  Husband contends that the

trial court abused its discretion by (1) classifying the marital

residence as marital property; (2) classifying a $60,000 second

deed of trust on the marital residence as husband's separate debt;

(3) classifying a $30,000 note as husband's separate debt;

(4) classifying the business Jordantown Market as husband's

separate property; (5) classifying the business Happy Hair Salon

as the separate property of Deborah H. Noell (wife) and

determining that the business had only nominal value; and (6)

calculating wife's annual income for purposes of determining child

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

and spousal support.  In her response, wife contends that the trial court erred by (1) ordering an assets-only evaluation of Jordantown Market; and (2) classifying any portion of the marital residence as husband's separate property.  We find no error by the trial court requiring reversal of its decisions on equitable distribution or support.  Therefore, we affirm.

On appeal, "[t]he judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

### Classification of Marital Residence

Husband contends that the trial court abused its discretion by classifying the marital residence as primarily marital property.  In support of his contention, husband presented evidence that he purchased the house on November 5, 1976, a month before the parties' marriage, and that the home remained titled solely in his name throughout the marriage.  Husband claimed that he made a down payment, which the trial court determined to be $2,700, towards the purchase price of $38,500.  The first mortgage amount of $35,800 was reduced to $19,334 by the time of the

-

equitable distribution hearing. While the trial court found that husband "exclusively made the payments on the first mortgage from his income from his employment," the court noted that income earned during the marriage is marital property. See Code § 20-107.3(A)(1) and (2)(iii). The marital residence had a value of $107,000 at the time of the hearing. Using the Brandenburg formula, the court computed the equity attributable to husband's separate property as $12,349.90 and that attributable to marital property as $75,316.10. See generally Hart v. Hart, 27 Va. App. 46, 64-66, 497 S.E.2d 496, 504-06 (1998).

We find no error in the trial court's classification of the marital residence as part separate property and part marital property. Mortgage payments made during the marriage using income earned during the marriage were contributions of marital, not separate, property. See Code § 20-107.3(A)(2)(iii). Therefore, the trial court properly viewed the reduction in the mortgage during the marriage as marital contributions. While wife contends that husband failed to produce evidence supporting his claim that he made a contribution of separate property by a down payment at the time the property was purchased, we cannot say that the trial court's determination that husband contributed $2,700 is unsupported by the evidence. Therefore, we affirm the trial court's hybrid classification of the marital residence.

## Second Deed of Trust Equity Loan

Husband contends that the trial court erred when it determined the value of the marital residence because the court failed to reduce the residence's equity by $53,889, which was the remaining value of a second deed of trust equity loan. Husband cites Trivett v. Trivett, 7 Va. App. 148, 371 S.E.2d 560 (1988), to support his contention that the trial court should have reduced the equity of the marital residence by the amount of this outstanding debt secured by the residence. In Trivett, this Court reversed and remanded a monetary award because the record failed to demonstrate whether the trial court considered the effect of an outstanding deed of trust on the value of a piece of marital property. Under the circumstances of this case, we find no grounds to reverse the trial court's decision regarding the second deed of trust.

The evidence established that the second deed of trust was not fraudulent or incurred for any improper purpose. See generally Hodges v. Hodges, 2 Va. App. 508, 347 S.E.2d 134 (1986). It was incurred during the marriage in order to obtain funds for the Jordantown Market. Husband characterized the equity loan in his Summation and Arguments memorandum prepared for the trial court as part of the "Total Jordantown Market Debt" of $85,889 in order to reduce the net equity value of Jordantown Market. At trial, he requested that he receive the Jordantown Market as his separate property and wife agreed.

-

While the second deed of trust was secured by the marital residence, the funds so obtained were used for the property which by agreement was awarded to husband.  But for the parties' agreement to this classification, the debt and its corresponding asset would have been appropriately characterized as marital. These factual circumstances are distinguishable from those of Trivett.

Code § 20-107.3(C) provides that "[t]he court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E."  Thus, the trial court had the discretionary authority under the statute to apportion between the parties their marital and separate debts.  Under the circumstances of this case, where the practical effect of the parties' agreement that husband would receive the Jordantown Market as his separate property was to separate the second deed of trust from its corresponding asset, we find no error in the trial court's decision not to reduce the value of the marital residence by the amount of the second deed of trust.

## $30,000 Note

Husband also contends that the trial court abused its discretion when it assigned to him the $30,000 note to his father. The parties did not contest the fact that the note was signed shortly before the parties' final separation or that the note was

-

intended to finance the Jordantown Market.  Husband does not
contend that the funds were used for any other purposes, but
contends that wife as co-signer should bear some liability for the
note.  The trial court was acting within its statutory authority
in apportioning this debt to husband.  We find no abuse of
discretion in the decision to allow the unsecured liability to
follow the corresponding assets.  See Code § 20-107.3(C).

## Jordantown Market

Because operation of the Jordantown Market was begun during
the marriage using marital assets, it could properly be classified
as a marital asset.  See Code § 20-107.3(A)(2).  However, the
parties agreed that the market would be husband's separate
property.  While wife contends that the trial court erred by
valuing the business solely on an assets-only basis rather than as
an ongoing business, she agreed at trial that the business would
be awarded to husband as his separate property.  Therefore, any
error in the trial court's valuation of the business is irrelevant
to the equitable distribution issues on appeal.  Moreover, we
agree with husband that wife failed to preserve any objection to
the court's decision to value the business on an assets-only
basis.

## Happy Hair Salon

Husband contends that the trial court erred by classifying
the Happy Hair Salon as wife's separate property and by
determining that the salon had only nominal value.  We find no

-

error.  The evidence indicated that wife worked as an apprentice with a licensed hair stylist until after the parties separated. Only in March 1997, after the final separation in December 1996, did wife sit for her state boards and open her salon.  See Code § 20-107.3(A)(1).

We find no error in the trial court's determination that wife's hair salon had minimal value.  Husband conceded in his post-hearing memorandum that the salon had few assets.  He argued, however, that the salon should be valued based upon its cash flow and goodwill.  Husband relied largely on extrapolations based upon one year's income.  He presented no evidence as to any value attributable to goodwill.  The trial court ruled that the earning capacity represented by the stream of income was more appropriately considered under the spousal support factors set out in Code § 20-107.1(E).  We find no error in the trial court's decision to value the hair salon on an assets-only basis.

## Spousal Support

Husband contends that the trial court erred by failing to impute income to wife for purposes of calculating child support and spousal support.  We find no error.  In its opinion letter, the trial court detailed why it found no merit in husband's contention that wife had substantially higher earnings in previous years.  Husband argued that wife's income should be based upon the gross sales and bonuses received by wife as a Tupperware sales executive, without any diminution for the costs of the items sold.

-

The trial court noted that, using the same logic, husband's "income" would jump to $705,377 based upon the net sales of Jordantown Market prior to a reduction for the costs of goods. Wife presented evidence that her current income was approximately $611 a month.  Based upon the statutory factors, the trial court awarded wife $650 in monthly spousal support.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>