114

## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Robert Allen Lloyd

January 28, 2003

Case Nos. 360, 361, 362

BY JUDGE DENNIS LEE HUPP

This case was tried before the bench on December 9, 2002, and I found the evidence sufficient to convict the defendant on all three charges: driving a motor vehicle while under the influence of alcohol, third offense (felony) in violation of Virginia Code §§ 18.2-266 and 18.2-270; operating a motor vehicle after having been adjudicated an habitual offender and while under the influence of alcohol in violation of Virginia Code § 46.2-357 (felony); and, refusal of a blood or breath test in violation of Virginia Code § 18.2-268.2. (The refusal charge was tried with the other charges by agreement.) Prior to trial, the defendant raised a double jeopardy issue. His Plea in Bar asserted that the defendant could not be convicted of both the habitual offender charge and the DUI charge, since the DUI was an element of the specific habitual offender charge in this case and therefore a lesser included offense, citing *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). By agreement, the Plea was heard at the conclusion of the evidence at the bench trial rather than before trial. Counsel were granted leave to file written arguments and authorities.

Since the present case does not involve subsequent prosecution after acquittal or conviction, I confine my analysis to whether the applicable statutes provide for multiple punishments for the same conduct and, if so, whether the General Assembly intended this. See *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969).

For the purpose of this ruling, I will accept the defendant's contention that the same elements necessary to prove the DUI must also be proven in order to convict the defendant on the specific Habitual Offender charge placed in this case, even though the allegations as to prior convictions are different in these two counts of the indictment. The DUI charge alleges at least two prior offenses as necessary to elevate it to felony status, and the Habitual Offender charge alleges one prior DUI conviction as required for the felony prosecution in that instance. (The Commonwealth argues that these two charges have different elements and that the DUI charge is therefore not a lesser-included offense.)

I find the legal principles in *Dalo v. Commonwealth*, 37 Va. App. 156, 554 S.E.2d 705 (2001), to be so similar to those presented in our case that I will adopt the analysis employed by the Virginia Court of Appeals in that case.

In determining the intent of the General Assembly, we should consider "the structure of the Code, the language of the statutes, legislative history, and the logical implications of each interpretation. . . ." *Fitzgerald v. Commonwealth*, 223 Va. 615, 636-37 (1982). In *Dalo*, the DUI, in effect, substituted for the element of criminal negligence traditionally necessary to sustain an involuntary manslaughter conviction. *Dalo*, 37 Va. App. at 167. The Virginia Court of Appeals compared this to the felony murder statute (Virginia Code § 18.2-33) and to the statutory definition of first-degree murder (Virginia Code § 18.2-32). The commission of a predicate offense supplies the element of malice necessary to a murder conviction. The Court found that the General Assembly clearly intended punishment for the predicate offense as well as for the homicide.

Here, it seems to me that the analysis is simpler yet. The General Assembly has provided that an habitual offender who operates a motor vehicle while he is under the influence of alcohol or drugs should be punished more severely for violating that proscription than one whose operation does not involve such aggravating circumstances. Specifically, the legislature has elevated the offense to felony status when the magnitude of the offender's misconduct is compounded in this manner. It would fly in the face of logic to find that the legislature intended, at the same time, to give the defendant a "break" on the DUI. (*Dalo* calls it a "windfall." 37 Va. App. at 169.) It is clear, I believe, that the General Assembly has enhanced the punishment for the habitual offender offense and intends punishment for both that offense and the DUI.

Accordingly, the Plea in Bar is overruled.