COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JAMES EDWARD WEAL

                                                        MEMORANDUM OPINION*
v.        Record No. 2171-08-1                               PER CURIAM
                                                          FEBRUARY 24, 2009
BESSIE VINNIE WEAL


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Robert B. Cromwell, Jr., Judge Designate

(Carl H. Bundick, on brief), for appellant.

(Thomas B. Dix, Jr.; Custis, Lewis & Dix, L.L.P., on brief), for
appellee.


James Edward Weal (husband) appeals the equitable distribution award of the marital

residence.  Husband argues that the trial court erred by (1) not awarding husband his equitable share

of the marital residence and (2) failing to consider the factors in Code § 20-107.3 in its equitable

distribution award of the marital residence.  Upon reviewing the record and briefs of the parties,

we summarily affirm the decision of the trial court.  Rule 5A:27.

BACKGROUND

Husband and Bessie Vinnie Weal (wife) married on December 28, 1991 and separated on

September 19, 2001, when wife left the marital residence in fear of her safety.  From September

19, 2001 until March 7, 2002, husband remained in the marital residence.  For several months

during this time period, wife paid husband one-half of the mortgage payments and other

household bills, with the understanding that husband would pay the other half.  Wife

subsequently learned that husband was not paying the bills, and she was forced to pay $1,542.70

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for the missed payments. On March 7, 2002, the circuit court awarded wife exclusive possession of the marital residence. Wife paid the debts associated with the marital residence.

The matter was inactive for several years. On September 24, 2007, husband personally appeared at docket call, and the court set the equitable distribution hearing for March 28, 2008. On March 28, 2008, husband did not appear despite having actual notice of the date. The court heard evidence and argument from wife. The court awarded her the marital residence. On August 7, 2008, the court entered a final decree awarding "sole possession and ownership" of the marital residence to the wife. On August 25, 2008, husband filed a motion to reconsider, which the court denied. Husband timely noted his appeal.

ANALYSIS

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

Equitable Distribution Award

Husband argues that in its equitable distribution scheme, the trial court erred by failing to classify the parties' real estate as marital or separate.

A court needs to determine the classification of the parties' property. Code § 20-107.3(A). Here, the parties' only real estate was the marital residence. Wife presented evidence regarding the marital residence, including when it was purchased and how it was purchased. She also submitted a list of the parties' property, including the marital residence. The list included the classification and

value of each item of property. The real estate was listed as marital. Husband presented no evidence regarding the classification or value of the real estate. The court accepted wife's testimony and evidence, and the final decree refers to the "marital" residence.

Husband next argues that the trial court's division of the property gives wife 100% of the equity in the marital residence.

In 2000, the parties purchased the marital residence for $98,780.51, with a $9,000 down payment from the wife's separate property and the remainder with a loan. In 2001, the parties obtained a second loan against the property for $8,200. At the equitable distribution hearing, the marital residence's value was $126,400, with two encumbrances totaling $92,731.41. The remaining equity was $33,668.86.

Wife testified that she used separate funds as a down payment on the house. Wife also testified that husband did not contribute toward the marital debts during the marriage or during the separation. Wife submitted an exhibit indicating that she paid $11,816.05 toward the marital debt. Wife testified that husband kept the furniture that they acquired, and she valued the furniture at $7,000. Wife's proposed distribution scheme showed that she kept the marital residence and husband kept the furniture. Husband presented no evidence.

Husband argues that the trial court should have equally divided the equity in the marital residence. There is no presumption of a 50/50 division. Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986).

The evidence supports the court's award of the marital residence to wife and the furniture to husband.

### Code § 20-107.3 Factors

Husband argues that the court abused its discretion in not considering all of the equitable distribution factors in Code § 20-107.3(E).

A trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors"; however, "the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986); see also Trivett v. Trivett, 7 Va. App. 148, 154, 371 S.E.2d 560, 563 (1988). "If the circuit court considers all the factors and bases its findings on credible evidence, we will not disturb its decision on appeal." Fadness v. Fadness, 52 Va. App. 833, 842, 667 S.E.2d 857, 862 (2008).

Here, wife was the only party to present evidence. She submitted an exhibit where she listed what factors she asked the court to consider for equitable distribution. She also testified about the various factors. She explained that she was the primary one who contributed to the well-being of the family, since husband physically abused her. She also testified that she was the primary one who acquired and maintained the parties' property because she provided the down payment for the marital residence from her separate property and she paid the marital debts. Her exhibit shows the duration of the marriage and the parties' ages. She presented evidence regarding the dissolution of the marriage. In her closing argument, she highlighted the abuse that she endured and the fact that she was the one who was responsible for the bills. She presented evidence regarding each of the factors in Code § 20-107.3.

Husband presented no evidence and does not contradict wife's testimony. On appeal, husband argues that he would have been entitled to an amount equal to the fair market rental value of the marital residence. However, this is the first time that he presents this argument. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Husband also argues that the furniture that he received in the equitable distribution award was not worth $7,000. "The burden is on the parties to provide the trial court sufficient evidence

from which it can value their property." <u>Bosserman v. Bosserman</u>, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing <u>Taylor v. Taylor</u>, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)). Since husband provided no evidence regarding the value of the furniture, the court adopted wife's value.

The trial court had sufficient evidence before it for each of the factors and awarded the marital residence to wife. Husband's request for this Court "to simply substitute our judgment of the evidence for that of the trial court is an inappropriate and singularly ineffective appellate argument." <u>Fadness</u>, 52 Va. App. at 842, 667 S.E.2d at 862.

CONCLUSION

The evidence is sufficient to support the trial court's equitable distribution award; therefore, we summarily affirm the trial court's decision. Rule 5A:27.

<u>Affirmed.</u>