## Richmond

HARRY LEE TURNER, SR. v. PAT BURROWS LONG TURNER.

June 12, 1972.

Record No. 7842.

Present, Snead, C.J., I'Anson, Carrico, Harrison and Harman, JJ.

*Harvey S. Lutins,* for appellant.

*Richard F. Pence (Dodson, Pence, Coulter, Viar & Young,* on brief), for appellee.

Per Curiam.

Harry Lee Turner, Sr., (husband) appeals from a decree entered by the trial court on March 19, 1971, awarding Pat Burrows Long Turner (wife) alimony in the amount of $800.00 per month, child support for the two infant children of the parties in the amount of $400.00 per month and a gross sum of $6,000.00 "for the purpose of providing furnishings, and equipment" for the residence occupied by

Pat and the children. This decree modified an earlier award of alimony and support money.

The husband says the trial court erred in two respects. His first argument is that the monthly payments for alimony and support are excessive. He then challenges the right of the trial court to award a lump sum in addition to monthly payments.

■ The first argument is without merit. The rule is well established that it is the legal and moral duty of the husband to support his wife and family, consistent with his financial ability; according to the station in life to which he has accustomed them. In fixing the amount of alimony and support money, there must be taken into consideration, along with all of the other circumstances of the case, the needs of the wife and children, their ages and physical condition, and the financial ability of the husband to pay. *Taylor* v. *Taylor*, 203 Va. 1, 3, 121 S.E.2d 753, 755 (1961).

■ The broad discretion of the chancellor in fixing the amount of alimony and support will not be disturbed unless it is clear that injustice has been done. *Treger* v. *Treger*, 212 Va. 538, 186 S.E.2d 82 (1972).

From the evidence before us we find the amount fixed for alimony and support money is fair and reasonable and we affirm it.

■ The trial court's allowance of a lump sum of $6,000.00 to provide for furnishings and equipment for the residence occupied by the wife and the children will also be affirmed.

The record shows that the husband claimed ownership of and seized possession of the household furnishings and equipment in the marital residence, a well furnished "16-room mansion with five baths." The wife was deprived of occupancy of this dwelling and its furnishings and equipment by the husband who changed the locks and took possession of the house and its contents while the wife was temporarily absent. She owned no furnishings or equipment and her testimony established that she had no means of acquiring them.

After she was dispossessed by her husband, the wife and her children took shelter with friends for a period of about one month. She then rented a house and was living there using mostly borrowed furnishings and equipment at the time of the hearing resulting in the lump sum award.

The husband admits a net worth well in excess of one million dollars. His annual income during the two years prior to the separation of the parties was in excess of $50,000.00.

While alimony ordinarily takes the form of either a lump-sum payment or the more usual periodic payments, *Eaton* v. *Davis*, 176 Va. 330, 10 S.E.2d 893 (1940), we have recognized that the court, where special equities exist or there is an impelling reason for its necessity or desirability, may award a lump sum in addition to the periodic payments of alimony and support. *Wilson* v. *Wilson*, 195 Va. 1060, 1068, 81 S.E.2d 605, 609 (1954).

The evidence here, in our opinion, fully establishes the impelling necessity for the lump sum award of $6,000.00.

*Affirmed.*