**Norfolk**

NANCY HELEN HODGES

v.

JOHN WESLEY HODGES

No. 0705-85

JOHN WESLEY HODGES

v.

NANCY HELEN HODGES

No. 0685-85

Decided July 15, 1986

COUNSEL

W. Leigh Ansell, for Nancy Helen Hodges

Henry M. Schwan, for John Wesley Hodges

OPINION

**KOONTZ, C.J.**—Nancy Helen Hodges (wife) filed a bill of complaint seeking a divorce from John Wesley Hodges (husband) on the grounds of desertion. Thereafter, Mr. Hodges filed an answer and cross-bill seeking a divorce on the grounds of adultery. An answer denying the adultery was then filed.

During the course of the proceedings, the suit was referred to a commissioner in chancery who heard evidence *ore tenus* and filed a report with the trial court. Subsequently, the trial court again referred the suit to the commissioner specifically to determine the separate and marital property of the parties, the value of each item of property and finally what monetary award, if any, should be awarded pursuant to Code § 20-107.3. The commissioner thereafter filed a supplemental report.

By decree dated April 26, 1985, Mrs. Hodges was granted a divorce *a vinculo matrimonii* from Mr. Hodges on the ground of desertion and the cross-bill was dismissed. The decree further provided that Mrs. Hodges receive no spousal support pursuant to Code § 20-107.1 and that Mr. Hodges pay to her $20,000 pursuant to Code § 20-107.3. Both parties excepted to the entry of this decree and this appeal followed. For the purpose of this decision the separate appeals are consolidated.

We are asked to decide whether the court erred (1) in denying spousal support to Mrs. Hodges, and (2) in granting the monetary award to Mrs. Hodges. Finding error on both issues, we reverse.

The parties were married on October 22, 1981, and separated on March 4, 1983, when Mr. Hodges left the marital home. No children were born during the marriage. Mr. Hodges owned and operated a pest control business from which his 1981 income was approximately $34,000 and his 1983 income was approximately $64,600. His net worth was between $165,000 and $189,000. Prior to the marriage Mrs. Hodges had an income of approxi-

mately $160 per week from her employment at a local department store. During the marriage she worked at her husband's business without salary. Following the separation, Mrs. Hodges secured employment at various jobs with an average income of $145 per week. She had no separate property of any significance.

The record reflects that prior to the marriage Mrs. Hodges owned a home which was encumbered by a mortgage of $16,000. During the marriage she placed a second mortgage of $15,000 on this home and these funds were put into Mr. Hodges' business. Subsequently, this home was sold and the equity of $9,000 was used to purchase "extras" in the parties' marital home. The marital home was purchased only several months prior to their separation.[1] During the marriage, Mrs. Hodges received a $19,516.38 inheritance from her father and a $2,000 insurance payment for a burglary at her non-marital home which were also used to purchase "extras" in the marital home.

A car, a boat and household furniture were purchased during the marriage. It is not disputed by either party that the home, car, boat and furniture were the only items of marital property of the parties. The correctness of the designation or disposition of separate property is not raised in this appeal.

By *pendente lite* decree entered on April 11, 1983, Mr. Hodges was ordered to pay $350 per month temporary spousal support, the mortgage, gas, water and electricity bills on the family residence, Mrs. Hodges' car payments, a furniture bill, and to maintain a major medical and hospitalization policy for her. This decree remained in effect until the final decree of April 26, 1985. In his first report the commissioner recommended that Mr. Hodges be required to pay a lump sum of $9,600 as spousal support payable at a rate of $400 per month with the first payment to be made on the first day of the month following entry of a final order confirming her right to spousal support. The commissioner also recommended that he be required to make a $35,000 lump sum payment pursuant to Code § 20-107.3. In the supplemental report the commissioner reiterated his recommendation for spousal support and a monetary award.

---

[1] We note that this court was advised at oral argument that the marital home was disposed of subsequent to the proceedings below. This development, however, has no bearing on our decision in this case.

Mrs. Hodges did not specifically except to these reports by the commissioner, and on appeal Mr. Hodges takes the position that she has waived her right to appeal the issue of the trial court's denial of spousal support. His argument has a three-stage progression. First, he argues that because she did not file exceptions to either of the commissioner's reports she cannot complain of the trial court's failure to grant her *periodic* payments for spousal support and/or assert entitlement to spousal support in excess of the commissioner's recommended sum of $9,600. Second, he argues that because of her failure to file exceptions, "the question really is whether she is entitled to lump sum spousal support under *Code § 20-107.3* as a matter of law." (emphasis added). Finally, citing *Turner* v. *Turner*, 213 Va. 42, 44, 189 S.E.2d 361, 363 (1972), he contends that she is not entitled to a lump sum spousal support award because the commissioner did not report the existence of an impelling necessity as a basis for such an award.

■ This argument fails for numerous reasons. Initially we note that in both reports to the court, the commissioner recommended that Mrs. Hodges receive spousal support and that her right to receive spousal support be confirmed. For this reason an exception or objection would have been plainly counterproductive. We note that this conclusion is not in conflict with the recent decision in *Dukelow* v. *Dukelow*, 2 Va. App. 21, 341 S.E.2d 208 (1986). There, the court, citing *Watson* v. *Brunner*, 128 Va. 600, 618, 105 S.E. 97, 103 (1920), ruled that the husband, not having filed exceptions to the commissioner's report, could not raise a question for the first time on appeal. Dukelow, 2 Va. App. at 24, 341 S.E.2d at 210. In the instant case, however, the commissioner's report was favorable to Mrs. Hodges. Therefore, she was not required to file exceptions to that report. Mrs. Hodges did except properly to the chancellor's final decree in that it was less than favorable to her position. Hence, she preserved her objections for this appeal.

■ Mr. Hodges also misconstrues the role of the commissioner and the effect of his report to the court. "A commissioner in chancery is an officer appointed by the chancellor to aid him in the proper and expeditious performance of his official duties." *Raiford* v. *Raiford*, 193 Va. 221, 226, 68 S.E.2d 888, 891 (1952).

A chancellor does not delegate his judicial functions to a commissioner in chancery when he refers a cause to him. In *Shipman* v. *Fletcher*, 91 Va. 473, 476, 22 S.E. 458, Judge Riely, speaking for the court, said:

"In a suit in equity, unlike in an action at law, matters of fact as well as questions of law are by the constitution and immemorial practice of the court determined and adjudicated by it. It is impracticable for the chancellor to investigate the matters of fact arising in a cause and take the testimony to that end; to state and settle the necessary accounts, which are often very complicated; to ascertain and classify the liens upon the property; and to perform other functions of a similar nature necessary to the proper adjudication of the matters of law and fact arising in the varied and important litigation, which pertains to its jurisdiction.

Commissioners in chancery are appointed to assist the chancellor and to relieve him in a large measure of these and other duties incidental to the progress and determination of the cause. For this reason they have been aptly termed the 'arms of the court.' But from the very necessity of their appointment and the nature of their office, their work is subject to the review of the court. It may accept or reject it, in whole or in part, as its judgment, upon such review, may dictate, whether it be of law or fact. Commissioners are to assist the court, not to supplant it.["]

*Raiford*, 193 Va. at 229-230, 68 S.E.2d at 893-94.

We find no basis on which Mrs. Hodges could be limited to the recommendation of the commissioner on this appeal. The trial judge ultimately had a duty and the right to decide the issues and when he did so, Mrs. Hodges excepted to these rulings which preserved her right to appeal. Additionally, we note that spousal support is controlled by § 20-107.1 rather than § 20-107.3 and accordingly, Mr. Hodges' argument that the latter controls is without merit. Finally, Mr. Hodges' reliance on *Turner* and impelling necessity as a basis for a lump sum award is misplaced. Code § 20-107.1 specifically permits the trial court in its discretion to provide that spousal support be paid in "periodic payments, or in a lump sum award, or both," and accordingly they are not mutually exclusive modes of payment of spousal support.

■ Having determined that Mrs. Hodges has properly preserved the issue of denial of spousal support, we turn now to our reasons for reversing that denial. The controlling principles are set forth in *Thomas* v. *Thomas*, 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976); *see also Wallace* v. *Wallace*, 1 Va. App. 183, 186, 336 S.E.2d 27, 28 (1985). Where the wife has established her need for support and the husband's ability to provide it, and she was not shown to be guilty of misconduct entitling her husband to a divorce, the chancellor abused his discretion when he denied the wife support and maintenance. *Rowand* v. *Rowand*, 215 Va. 344, 346, 210 S.E.2d 149, 150-51 (1974). Here, Mrs. Hodges was granted a divorce on the ground of Mr. Hodges' desertion. That ruling is not contested by him in this appeal. The commissioner carefully detailed the need of Mrs. Hodges for support and the ability of Mr. Hodges to provide it. The record is replete with evidence in support of that conclusion and devoid of evidence to support the chancellor's denial of spousal support.

■ "While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence." *Hill* v. *Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984). On appeal when the chancellor has disapproved the commissioner's findings, the appellate court must review the evidence and ascertain whether under a correct application of law, the evidence supports the findings of the commissioner or the conclusions of the trial court. *Id.* at 577, 318 S.E.2d at 296-97.

The record reflects that Mr. Hodges has an income in excess of $64,000 annually and a net worth of between $167,000 and $189,000. His ability to provide support is not debatable. On the other hand, Mrs. Hodges has a weekly income of approximately $145. Prior to the marriage she had a weekly income of approximately $160, and owned her own home with a relatively low mortgage, which security she gave up during the marriage. Her inheritance was expended during the marriage. She has no separate property of any significance. Her need for support is clearly established and the commissioner correctly so found. Accordingly, the chancellor's denial of spousal support is reversed and this issue remanded to the trial court for a determination of spousal support consistent with this opinion.

We turn now to the issue of the monetary award. The commissioner recommended a monetary award of $35,000 in favor of Mrs. Hodges and the chancellor awarded $20,000 in her favor. Both parties appeal this decision of the chancellor.

Mrs. Hodges contends that the commissioner heard the evidence and gave detailed reasons for his recommendation, and accordingly the chancellor should have upheld the commissioner's recommendation unless it was plainly wrong.

Mr. Hodges contends that the error of the chancellor was not in granting a monetary award less than that recommended by the commissioner, but rather the error was in granting any monetary award. Mr. Hodges maintains that this is so because where the marital property is found to have no equity in excess of indebtedness, there can be no monetary award order. Code § 20-107.3.

(5) We do not disagree with either of these positions as stated. Where the chancellor finds the commissioner's recommendation to be plainly wrong, it should not be followed. Code § 20-107.3(D) requires that the monetary award be "based upon the equities and the rights and interest of each party *in the marital property.*" (emphasis added). Where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award it is essentially of no value. Without value, there is no basis for a monetary award.[2]

In the present case, our review of the record does not reveal that the marital property (home, boat, car and furniture) was necessarily encumbered with indebtedness equal to or in excess of its value. The commissioner, to his credit, went to great effort to determine this issue but was prevented from doing so from a lack of evidence presented to him. A review of his report to the chancellor reveals his effort and frustration:

A. As to the Dylon Drive property [the marital home], the evidence is at best sketchy. No letter was tendered from the

---

[2] We do not mean to suggest that where one party deliberately encumbers the marital property with indebtedness which equals or exceeds its value, in anticipation of divorce proceedings and to frustrate the provisions of Code § 20-107.3, that the trial court would be precluded from granting an award notwithstanding the indebtedness created on the marital property. Because these facts are not before us, we do not articulate a ruling in this regard.

mortgage company to show the actual mortgage on the property. Estimates of the mortgage ran between $68,000 . . . up to $73,000. P-2 shows an assessment by the City of Virginia Beach as to the value of the property of $72,714. No other evidence of any kind was offered on this property although the commissioner requested in a letter to the attorneys that this matter be made a certainty. Obviously, your Commissioner has no way of determining whether or not the property has any value over and above its mortgage.

B. The boat of the parties was purchased for $20,000. It is the testimony of the husband that the boat was worth approximately $14,000 in 1984, and that that was the mortgage on the boat. That is the entire evidence in that respect and there is no way that your Commissioner can hazard a guess as to whether or not the boat has any value over and above the mortgage.

In addressing the value of the car and the furniture the commissioner again reports that as to the car "there is no evidence on which any rational judgment can be made as to whether or not there is a value in the automobile above the lien value," and finally as to the furniture "there is no way that the Commissioner can put a valuation on this property which unquestionably has some lien against it . . . but how much that indebtedness is . . . is not in evidence."

From this record there is no reliable evidence to form the basis of a monetary award and for this reason the trial court erred in entering the monetary award. Therefore, we reverse and remand for further determinations consistent with the views expressed in this opinion. In doing so, we take this opportunity to comment on the scheme of Code § 20-107.3 and the details it requires to be addressed in its application. We have done so previously in *Rexrode* v. *Rexrode*, 1 Va. App. 385, 391-92, 339 S.E.2d 544, 547-50 (1986) and *McGinnis* v. *McGinnis*, 1 Va. App. 272, 275-77, 338 S.E.2d 159, 160-61 (1985). This statute mandates that the court determine the ownership and value of all real and personal property of the parties. This determination must go beyond mere guesswork. We are not unmindful of the frequent burden, difficulty, and expense involved in this process, but the responsibility of the trial court is not removed or lessened by these.

*See Rexrode,* 1 Va. App. at 392, 339 S.E.2d at 550. The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply with Code § 20-107.3 must have that evidence before it before determining to grant or deny a monetary award. The statute details that which must be determined in order to reach an equitable result based on the notion of a marriage partnership, and awards based on anything less, regardless of how nobly and fairly created, cannot withstand appellate review.

Accordingly, the judgment below is reversed and this cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Baker, J., and Keenan, J., concurred.