COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Senior Judge Hodges
Argued at Alexandria, Virginia

WILLIAM L. SULLIVAN

v.      Record No. 2004-94-4      MEMORANDUM OPINION[*] BY
                                  JUDGE JOHANNA L. FITZPATRICK
COUNTY OF ARLINGTON                    OCTOBER 17, 1995


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Michael W. Lieberman (Jonathan Shapiro; Jonathan Shapiro &
Associates, on briefs), for appellant.

Theophani K. Stamos, Assistant Commonwealth's Attorney
(Molly H. Newton, Assistant Commonwealth's Attorney, on
brief), for appellee.


William L. Sullivan (appellant) was convicted of driving
while intoxicated in violation of Arlington County Code § 14.2-1
(Code § 18.2-266) and sentenced to one year in jail and a $1,500
fine. On appeal, he argues that the trial court erred in: (1)
admitting the certificate of analysis when the examiner's
signature was not part of an attestation clause as required by
Code § 19.2-187; (2) finding that appellant's arrest was valid
under Code § 19.2-81; and (3) admitting the certificate of
analysis when the officer failed to offer him the choice between
a breath or blood test pursuant to Code § 18.2-268.2(B). Because
the record on appeal is inadequate for appellate review, we
affirm the trial court.

On June 5, 1993, while driving on Route 27, appellant struck

---

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

another car from behind. Officer Joseph Kantor (Kantor) of the Arlington County Police Department arrived at the scene ten to fifteen minutes after the accident. He detected alcohol on appellant's breath and began investigating appellant for driving under the influence. During the investigation, appellant had chest pains, and Kantor called an ambulance. At the hospital, appellant agreed to a blood test. Kantor later arrested appellant for driving under the influence.

During trial, the Commonwealth's attorney examined Kantor and offered the certificate of analysis into evidence. Appellant's attorney interrupted: "We have an objection, Your Honor. I'd like to be heard on it after I cross[-]examine Officer Kantor. It's not going to be a long cross." The transcript submitted on appeal ends with appellant cross-examining Kantor and does not contain appellant's objections to the certificate of analysis.

"[A]n appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that errors assigned may be decided properly." Ferguson v. Commonwealth, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, aff'd in part, rev'd in part on other grounds, 240 Va. ix, 396 S.E.2d 765 (1990). "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal." Lee v. Lee, 12

2

Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc). Additionally, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18.

We are unable to determine whether the trial court erred in admitting the certificate of analysis because appellant failed to present a complete transcript on appeal. The transcript submitted by appellant shows that he objected to the certificate of analysis and that the trial court allowed him to cross-examine Kantor before arguing the objection. However, the transcript does not contain any argument on the objection or the trial court's ruling. Thus, Rule 5A:18 bars appellant's arguments on appeal.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.