COURT OF APPEALS OF VIRGINIA


Present: Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


MICHAEL RAY WIESE

v.   Record No. 2512-99-1

BELINDA LEE WIESE                          MEMORANDUM OPINION* BY
                                           JUDGE WILLIAM H. HODGES
BELINDA LEE WIESE                               JUNE 20, 2000

v.   Record No. 2621-99-1

MICHAEL RAY WIESE


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dean W. Sword, Jr., Judge

           David W. Bouchard (David W. Bouchard, P.C.,
           on briefs), for Michael Ray Wiese.

           David N. Montague for Belinda Lee Wiese.


     Michael Ray Wiese (husband) and Belinda Lee Wiese (wife)

appeal the equitable distribution decision of the circuit court.

In his appeal, husband contends that the trial court erred in

making a lump sum equitable distribution award of $70,000 to wife,

rather than awarding wife a percentage of the marital assets.

Husband also contends that the circuit court erred by requiring

him to transfer all his interest in marital personal property and

in separate property to wife and by awarding wife an equal share

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of his separate property.  In her appeal, wife contends that the trial court erred by accepting the finding of the commissioner in chancery that husband had any interest in the marital home.  We find that the trial court erred in ordering husband to pay wife an equitable distribution monetary award of $70,000.  Therefore, we reverse and remand the trial court's decision as to this equitable distribution award.  We find no evidence to support husband's claims concerning the award to wife of certain items of personal property.  Because the trial court's review of the monetary award may affect the issue raised by wife in her appeal, we also remand this issue for further consideration.

The evidence was heard by the commissioner in chancery, whose report was accepted by the trial court with a minor correction.

> The commissioner's report is deemed to be prima facie correct.  The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.  When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand."  Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).  "The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible

-

evidence."  Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

## Background

The parties were married in May 1992 and separated in July 1997.  They had no children.  Husband was the primary wage earner during the marriage, earning $50,000 annually that was deposited in the parties' joint accounts.  Wife did not work during much of the marriage, but she inherited funds from her grandmother in 1996.  These inherited funds were deposited into the joint accounts.  Using these funds to make a down payment of $50,224.74, the parties purchased a residence for $140,900 in November 1996.  At the time of separation in 1997, husband used $15,000 from the joint account to prepay the mortgage on the marital residence until October 1999.  The commissioner also found that the parties agreed to use the inherited funds to pay off approximately $35,000 in husband's separate debt.

In his report, the commissioner found that the outstanding debt on the marital home was $71,119.60 as of October 1999.  The commissioner did not specifically classify or value the marital home.  Nonetheless, the commissioner recommended that husband pay wife $70,000 as an equitable distribution monetary award pursuant to Code § 20-107.3.  Although the commissioner did not value the parties' respective interests in the marital residence, the commissioner recommended that husband transfer to wife his

-

interest in the marital residence as a means of satisfying the monetary award.

In addition, the commissioner computed the marital share of husband's retirement benefits, and recommended an award to wife of a share of those benefits. The commissioner also recommended that husband transfer to wife certain items of personal property acquired by the parties during the marriage and claimed by husband as separate property.

The chancellor overruled the objections of the parties to the commissioner's report and accepted the report, with only a minor correction. Both parties appealed.

### Record No. 2512-99-1

### Equitable Distribution Monetary Award

The trial court erred in accepting the recommendation of the commissioner that husband pay wife $70,000 as an equitable distribution monetary award. No evidence in the record demonstrates that there was a marital asset with sufficient value from which the recommended monetary award could be made.

Under Code § 20-107.3(D), a trial court may award a lump sum equitable distribution award when circumstances so warranted. See Hodges v. Hodges, 2 Va. App. 508, 347 S.E.2d 134 (1986). In pertinent part, the statute provides:

> In addition, based upon (i) the equities and
> the rights and interests of each party in
> the marital property, and (ii) the factors
> listed in subsection E, the court has the
> power to grant a monetary award, payable

-

either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court.

Code § 20-107.3(D). Therefore, the chancellor had authority to award a lump sum monetary award, but only to the extent it was payable from marital assets. "Where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award it is essentially of no value. Without value, there is no basis for a monetary award." Hodges, 2 Va. App. at 515, 347 S.E.2d at 138 (footnote omitted).

Here, the commissioner failed to value or classify the marital residence, which was the only sizeable asset held by the parties. The parties used wife's separate property to pay the down payment, reducing the outstanding indebtedness on the property. Under Code § 20-107.3(A)(3)(e), to the extent wife's contribution of separate property was retraceable and was not a gift, the down payment retained its classification as her separate property. During the marriage, the mortgage was paid with funds from the parties' joint accounts, which included wife's inheritance, as well as husband's earnings during the marriage. The evidence indicated that the outstanding indebtedness on the marital residence as of October 1999 was over $70,000. Based upon the evidence presented concerning the purchase price of the residence, reduced by the outstanding indebtedness and wife's

-

separate property, any equity of the marital property portion of the residence was substantially lower than the $70,000 monetary award. Therefore, because there was no unencumbered marital property sufficient to support the monetary award, we find that the trial court erred in awarding wife $70,000.

### Determination of Personal Property

Husband also contends that the trial court erred by accepting the commissioner's report as to the classification of certain property as marital rather than separate, as to the value of that property, and as to the distribution of that property. However, the commissioner awarded the items based upon the evidence presented at the hearing. The commissioner was entitled to resolve any conflicts between the parties' testimony. We find no grounds to reverse the trial court's decision to accept the recommendation of the commissioner concerning the personal property claimed by husband.

### Record No. 2621-99-1

Wife contends that the trial court erred in accepting the commissioner's report that awarded any interest in the marital home to husband. The issue wife raises may be affected by the proceedings of the trial court on remand. Therefore, we express no opinion on the merits of wife's appeal, but vacate the award and remand the case for further proceedings as warranted by our decision in Record No. 2512-99-1.

-

Accordingly, the decision of the trial court in Record No. 2512-99-1 is affirmed in part and reversed in part. The trial court's decision in Record No. 2621-99-1 is vacated. These matters are remanded for further proceedings consistent with this opinion.

Record No. 2512-99-1 -- <u>Affirmed in part, reversed and remanded in part.</u>

Record No. 2621-99-1 -- <u>Vacated and remanded.</u>