COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


HASSAN DIBICH
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1098-03-2            JUDGE ELIZABETH A. McCLANAHAN
                                                          MAY 4, 2004
DEBORAH H. DIBICH


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Cleo E. Powell, Judge

            Janet E. Brown (Janet E. Brown, P.C., on brief), for appellant.

            No brief or argument for appellee.


        Hassan Dibich appeals from a final decree of divorce granting his former spouse,

Deborah H. Dibich, now known as Deborah Hoyt Urtz, a lump-sum equitable distribution award

of $475,185.70.  On appeal, husband contends that the trial court erred in (1) classifying certain

real estate as wife's separate property, and including the value of that property in calculating the

monetary award, (2) failing to give husband credit for his interest in two motor vehicles that

were acquired during the marriage and disposed of by wife after the parties separated, (3) failing

to include a partial payment from the sale of a business owned by the parties in calculating the

monetary award, and (4) valuing and including in the monetary award certain real property that

the court was unable to classify.  For the reasons that follow, we affirm the decision of the trial

court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Background

The parties were married on February 14, 1989 and separated in July 2001. In March 2002, wife filed a bill of complaint for divorce from husband. In May 2002, husband filed a cross-bill. During the summer of 2002, several depositions were taken, which were submitted to the trial court as evidence on equitable distribution. In September 2002, the parties appeared before the court and presented additional evidence on the issues. The court rendered a written opinion on February 13, 2003, and entered a final decree of divorce on March 27, 2003.

## II. Analysis

Equitable distribution of property upon dissolution of a marriage is governed by Code § 20-107.3. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). See also Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003). On appeal, we review the evidence in the light most favorable to the party prevailing below. Brown v. Burch, 30 Va. App. 670, 681, 519 S.E.2d 403, 408-09 (1999).

There are several assets at issue in husband's appeal. The assets include a piece of real estate located in the state of Vermont, a 1993 Dodge Caravan van and a 1982 or 1983 Mercedes automobile, the proceeds from the sale of a convenience store business, and several pieces of real estate located in the country of Morocco. We analyze each of these assets separately, and include the evidence as contained in the record and the trial court's disposition as set forth in its letter opinion.

## A. Vermont Real Estate

Husband complains that the trial court erred in characterizing the Vermont real estate as a separate asset belonging to wife and including its value when fashioning her monetary award. The property was acquired by wife's great-grandparents in 1942, and had been continuously owned by the family for four generations. The property was deeded to the parties in 1990, as a gift to wife from her grandparents, with the understanding that the property was never to be sold. Wife testified that it was only titled in both parties' names because they were married. Both parties understood that it was to remain in wife's family "forever." Title to the property was transferred numerous times over the course of the marriage.

"Generally, the character of property at the date of acquisition governs its classification pursuant to Code § 20-107.3." Stratton v. Stratton, 16 Va. App. 878, 881, 433 S.E.2d 920, 922 (1993). Code § 20-107.3(A)(2) provides in pertinent that "all property titled in the names of both parties . . . [and a]ll property . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property."

Wife argued and the trial court held that the Vermont real estate was a gift to wife from her grandparents. Since then, the parties transferred legal title to the property several times, with title being held by the "Dibich Corporation" at the time of the parties' separation. The corporation's sole shareholder was husband. Wife showed that after the separation, husband transferred the property from the corporation to his parents, to himself and then to non-related buyers, even though he knew that the property never was supposed to be sold and was to be kept in wife's family.

Code § 20-107.3(A)(1)(ii) provides that all property acquired during the marriage by gift from a source other than the other party is separate property. If separate property is retitled in

the joint names of the parties, the property is deemed transmuted to marital property. Code § 20-107.3(A)(3)(f). However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property retains its original classification. Id.[1]

"[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997). "This process involves two steps: a party must (1) establish the identity of . . . [the] property and (2) directly trace that portion to a separate asset." Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997). "When a party satisfies this test, and by a preponderance of the evidence traces his or her separate . . . property, the Code states that the contributed separate property '*shall* retain its original classification.'" Hart v. Hart, 27 Va. App. 46, 68, 497 S.E.2d 496, 506 (1998) (quoting Code § 20-107.3(A)(3)(d), (e)).

In its letter opinion, the trial court stated,

> it is wholly unclear to the Court why the Vermont property was placed into the names of Defendant's parents. However, it is clear to the Court, based on the testimony of all the witnesses, that the property was to remain in Plaintiff's family and not to be sold. Therefore, the value of the Vermont property along with the personal items will be credited to Plaintiff as separate property.

The court then held that the Vermont real estate was wife's separate property with a value of $275,000. Wife established by a preponderance of the evidence that the property was originally a gift to her and that although it was titled in the parties' names, it was to be kept separate for the benefit of the family. She traced the property from husband's sale to non-related buyers directly back to her receiving it as a gift. Wife's evidence was sufficient for the trial court to find that she overcame the presumption that the Vermont real estate was marital property. Therefore, the

---

[1] No evidence was presented by either party suggesting that the property was a gift to both parties or to husband from wife.

- 4 -

trial court did not err in classifying the Vermont property as wife's separate asset and crediting to her the full amount of the sale in the monetary award.

### B. Automobiles

Husband claims that the trial court erred in failing to give credit to him in the equitable distribution award for proceeds acquired from the disposition of a 1993 Dodge Caravan van and a 1982 or 1983 Mercedes automobile. Husband provides no citations to the record in his brief as to when the vehicles were disposed of, nor does he provide authority or argument in support of the question. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003) (citation and internal quotation marks omitted); see Rule 5A:20(e). Because husband has not provided sufficient information for this Court to determine whether the trial court committed error, he has waived this question on appeal and we need not address it. See Rule 5A:20(e).

### C. Proceeds from Fastop Stores

Husband contends that the trial court erred in failing to give husband credit in its calculation of the monetary award for a $50,500 deposit received by wife as a deposit on the sale of convenience stores that the parties owned during the marriage. In its letter opinion, the court wrote:

> During the marriage, the parties owned three Fastop convenience stores. The parties testified that the properties sold for different amounts. The only documentation of the sale is a HUD statement which indicates a sale price of $187,366.86. . . . One-half of this amount will be credited to Plaintiff. The total received from the sale of the Fastop stores will be divided 50/50.

The party seeking a share of an asset titled in the name of the other party has the burden of presenting sufficient evidence for the court to value the asset. Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993) (citing Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986)). Husband failed to provide any documentation or evidence of when or whether there

was a transfer of $50,500 to wife. Therefore, having failed to produce sufficient evidence at trial, husband will not be heard on appeal to claim that the trial court erred in its equitable distribution award. See Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) ("A party may not invite error and subsequently raise that error as grounds for appeal."); see also Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) ("When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question.").

### D. Moroccan Real Estate

Finally, husband contends the trial court erred in valuing the Moroccan real estate. In his letter opinion, the chancellor wrote:

> With regard to the holdings in Morocco, the Court is unable to tell whether the farm and the villa were properties purchased by and jointly owned by these parties as Plaintiff testified or were family land owned by the Dibichs, some for hundreds of years. The Court is persuaded, however, that Plaintiff and Defendant did send money to Morocco that was invested in the properties. Some of the money "at least $100,000.00 was sent for the construction of the villa." (Pl. dep. 154). This money appears to be marital assets and Plaintiff will be credited with 50% of it.
>
> *     *     *     *     *     *     *
>
> The testimony appears clear that the parties purchased land in Khozama. The Court finds Defendant's testimony that the property was foreclosed on to be unpersuasive. (Def. Dep. at 136 where Defendant testified that he "had to give it away."). The value of this property, valued at $100,000 will be divided equally between the parties.

The court classified the farm and villa as unknown,[2] and listed its value at $100,000, but added a footnote that said, "It is known, however, that $100,000 was invested into the farm and villa in Morocco." The Khozama property was classified as marital, with a value of $100,000.

---

[2] Husband does not question, and therefore we do not address, whether the trial court erred by not classifying the farm and villa.

Code § 20-107.3(A) provides that the trial judge, "upon request of either party, shall determine the . . . value of all property, real or personal, tangible or intangible, of the parties." However, as we stated in Bowers, 4 Va. App. at 617, 359 S.E.2d at 550:

> consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question. "[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." [Hodges, 2 Va. App.] at 517, 347 S.E.2d at 139. Furthermore, "[r]eviewing courts cannot continue to reverse and remand . . . [equitable distribution] cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so. Parties should not be allowed to benefit on review for their failure to introduce evidence at trial . . . ."

(Citation omitted). The trial court's determination of the marital values in the several properties is supported by the evidence before it. Husband failed to provide the trial court with enough evidence to find otherwise; therefore, on appeal, he cannot prevail on that question. We find no error in the court's conclusions.

## III. Conclusion

For the reasons stated, we find no error in the trial court's equitable distribution award. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>