COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Petty and Decker
Argued at Chesapeake, Virginia


PAUL A.M. EPPS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1077-14-1                      JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 10, 2015
BELINDA Y. EPPS


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

              Kevin R. Pettrey (Swango Law, P.C., on brief), for appellant.

              J. Wayne Sprinkle (Sprinkle & Sprinkle, PLLC, on brief), for
              appellee.


        Paul A.M. Epps ("husband") appeals certain aspects of the final divorce decree entered

by the Portsmouth Circuit Court (the "circuit court") on May 22, 2014.  Specifically, husband

appeals issues relating to the equitable distribution of Belinda Y. Epps's ("wife") military

retirement pension, attorney's fees awarded to wife, and income imputed to husband for the

purpose of calculating his child support obligation.  In support of his appeal, husband asserts the

following five assignments of error:

              (1) The [c]ourt committed reversible error when it refused to
                  award a percentage of Appellee's military retirement to
                  Appellant without considering equitable distribution factors
                  with regard to that property.

              (2) The [c]ourt committed reversible error when it failed to address
                  Appellee's military retirement as equitable distribution.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication, and
therefore we recite only those facts necessary to our analysis.

(3) Appellant suffered from ineffective assistance of counsel for failure to present certain evidence of Appellee's military retirement at trial.[1]

(4) The [c]ourt committed reversible error when it ordered Appellant to pay a percentage of Appellee's attorneys' fees due to the disparate income figures of the parties.

(5) The [c]ourt committed reversible error when it imputed to Appellant income without a basis in the record, and based child support guidelines on that imputed income figure.

A. Procedurally Barred Issues

As a preliminary matter, wife argues that several of husband's claims are procedurally barred. We agree. Rule 5A:18 states:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

"The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). "A general argument or abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc).

Husband's fourth assignment of error alleges that the circuit court erred in ordering husband to pay a percentage of wife's attorney's fees given the disparate income of the parties. Husband's objections to the circuit court dealt with the amount of the attorney's fee award, not

---

[1] Counsel for husband withdrew this assignment of error at oral argument, and we therefore do not consider it.

the disparate income of the parties, which he now argues on appeal. Because the circuit court was not provided with an opportunity to intelligently rule on the objection, husband's appeal as it relates to this issue is not properly preserved.

Husband's fifth assignment of error claims that the circuit court erred by imputing an annual income of $75,000 to husband as a basis for calculating his child support obligation. There is no record of any objection made before the circuit court relating to the imputation of income. There is no mention of an objection to the imputation of income in the February 4, 2013 trial transcript, the May 9, 2014 hearing transcript, or the objection addendum. Because husband's objection was never before the circuit court, it is not properly before us now. Notably, husband did not raise the "good cause" or "ends of justice" exception to Rule 5A:18 in his brief to the Court. As such, husband's appeal, as it relates to these two assignments of error, is procedurally barred.

### B. Wife's Military Retirement Pension

Husband's first and second assignments of error assert that the circuit court committed reversible error when it failed to address wife's military retirement pension as equitable distribution and declined to award a percentage of wife's military retirement to husband.

On appeal, this Court reviews the evidence in the light most favorable to the prevailing party below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it. The trial judge is not required to make an equitable distribution award unless equity requires it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Accordingly, this Court will not reverse an award unless the Court finds "an abuse of discretion, misapplication or

wrongful application of the equitable distribution statute, or lack of evidence to support the award." McIlwain v. McIlwain, 52 Va. App. 644, 661, 666 S.E.2d 538, 547 (2008).

In a divorce proceeding, a circuit court must follow three steps when making an equitable distribution of property. First, upon a request of either of the parties, the circuit court "must classify the property as either separate or marital. The court must then assign a value to the property based upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991); see also Code § 20-107.3(A). In this case, husband claims that the circuit court failed to classify wife's military retirement pension as either separate or marital, in violation of Code § 20-107.3(A). There is no reference to any classification of this property in any remarks from the bench, in the letter opinion of January 14, 2014, or the final divorce decree. Husband argues that because the orders of the circuit court are silent as to the issue of wife's retirement, there is no record that the statutory factors in Code § 20-107.3(E) were considered.

While the circuit court did not strictly adhere to the statute,

> Virginia's trial courts may, without doing violence to [Code
> § 20-107.3], make a monetary award without giving consideration
> to the classification or valuation of every item of property, where
> the parties have been given a reasonable opportunity to provide the
> necessary evidence to prove classification or valuation but through
> their lack of diligence have failed to do so.

Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987). "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply with Code § 20-107.3 must have that evidence before it before determining to grant or deny a monetary award." Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986). Furthermore,

> [r]eviewing courts cannot continue to reverse and remand . . .
> [equitable distribution] cases where the parties have had an
> adequate opportunity to introduce evidence but have failed to do
> so.  Parties should not be allowed to benefit on review for their
> failure to introduce evidence at trial . . . . At some point we must
> "ring the curtain down."

Bowers, 4 Va. App. at 617-18, 359 S.E.2d at 550 (quoting In re Marriage of Smith, 448 N.E.2d 545, 550 (Ill. App. Ct. 1983)).

Husband, the party seeking half of the marital share of wife's military retirement, failed to offer adequate evidence of wife's military pension to provide the circuit court with the basis to make a proper classification.  In Bowers, this Court held that the burden was upon the wife seeking part of husband's retirement plan to prove ownership and to provide sufficient competent evidence to enable the court to classify and value the retirement plan.  Id. at 619, 359 S.E.2d at 552.  The relevant statutory provision provides:

> The court *may* direct payment of a percentage of the marital share
> of any pension . . . or retirement benefits . . . which constitutes
> marital property and whether payable in a lump sum or over a
> period of time. . . . No such payment shall exceed 50 percent of the
> marital share of the cash benefits actually received by the party
> against whom such award is made.  *"Marital share" means that
> portion of the total interest, the right to which was earned during
> the marriage and before the last separation of the parties*, if at
> such time or thereafter at least one of the parties intended that the
> separation be permanent.

Code § 20-107.3(G) (emphasis added).  At no point did husband ever establish the time frame of wife's military service with the United States Coast Guard as it related to the parties' marital relationship.  At best, husband testified that he thought that wife had served in the military for "about twenty-three years."  The circuit court was not provided with the date wife entered the Coast Guard, the date she retired, or the length of time the parties were married while wife was enlisted in the Coast Guard.  Thus, the circuit court could not properly classify the property or

determine if there even was a "marital share." Accordingly, husband may not complain now that the circuit court erred by failing to classify the pension.

Additionally, husband argues that the circuit court's refusal to award any part of wife's military retirement was an abuse of discretion. Contrary to husband's assertions, he is not entitled to any of wife's military retirement pension as of right. In fact, it is well established law in Virginia that "Code § 20-107.3 contains no presumption favoring equal division of marital property." Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992). Further, "each marital asset is not necessarily entitled to be treated the same for purposes of equitable distribution. The chancellor may determine, depending upon how the factors in Code § 20-107.3(E) are applied, that certain marital assets should be divided and treated differently than others." Gamer v. Gamer, 16 Va. App. 335, 344, 429 S.E.2d 618, 625 (1993). Even if husband had presented evidence of what the "marital share" of wife's military pension would be, it is within the sound discretion of the trial court to choose to award part or none of it to husband, so long as the overall distribution of the marital property was equitable. See Srinivasan, 10 Va. App. at 733, 396 S.E.2d at 678-79.

Despite finding that the circuit court did not classify or assess the value of wife's military pension pursuant to Code § 20-107.3, we find that husband's failure to provide sufficient evidence to enable the circuit court to properly determine if there was a "marital share" of wife's military retirement, and if so, what such value would be operates as a waiver of his statutory right. See Bowers, 4 Va. App. at 620, 359 S.E.2d at 552 (holding that the trial court did not abuse its discretion in making a monetary award without considering the value of all marital property because appellant had a reasonable opportunity to present evidence of the value of her husband's retirement plan but failed to do so). As such, the circuit court did not abuse its

discretion in declining to classify wife's military retirement pension or award husband any part thereof.

## C. Appellate Attorney's Fees

Wife requests this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed the entire record in this case, we hold that wife is entitled to reasonable attorney's fees and costs, and therefore remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

Because husband failed to provide sufficient evidence for the circuit court to determine if there was a "marital share" of wife's military retirement pension, and if so, what the value would be, we find that the circuit court did not err in declining to classify or assign value to wife's pension. Concluding that wife is entitled to reasonable attorney's fees and costs associated with this appeal, we remand to the circuit court to hear evidence and set an award for appellate fees and costs.

Affirmed and remanded.